IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
WILLIAM G. MOORE,              )
                               )    Civil No. 07-1115-MO
        Petitioner,            )
                               )
    v.                         )
                               )
CHARLES DANIELS,               )
                               )    OPINION AND ORDER
        Respondent.            )
```

    William G. Moore
    25135-086
    Federal Correctional Institution
    P.O. Box 5000
    Sheridan, Oregon 97378

        Petitioner, *Pro Se*

    Karin J. Immergut
    United States Attorney
    Scott Erik Asphaug
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Ave., Suite 600
    Portland, OR 9720-2902

        Attorneys for Respondent

MOSMAN, District Judge.

This action comes before the court on petitioner's Motion for Return of Seized Property (#1), Motion to Strike (#6), and Motion to Supplement Petitioner's Consolidated Response (#7). The basis for this action is petitioner's request that the court order respondent to return personal property seized from his cell at FCI-Sheridan. For the reasons which follow, petitioner's request for the return of his property is denied.

## BACKGROUND

Petitioner is a federal inmate serving a life sentence following his convictions for conspiracy to manufacture and distribute methamphetamine, conspiracy to money launder, and aiding and abetting the manufacture of methamphetamine. Following his sentencing, petitioner filed numerous appeals challenging the legality of his convictions, none of which were successful.

At an undetermined time, petitioner developed a personal relationship with Jane Cross, a Deputy Clerk for the Ninth Circuit Court of Appeals, leading her to assist him with his legal challenges. It appears that she attempted to assist petitioner for a period of approximately seven years. *See* Respondent's Exhibit 5, p. 6.

On June 14, 2007, Cross filed a complaint with the Washington State Bar Association against the lead prosecutor in petitioner's criminal case from 1995. Respondent's Exhibit 5. She identified

her relationship with the prosecutor as "Deputy Clerk -- Case Manager, U.S. Court of Appeals for the Ninth Circuit." *Id* at 6.

Assistant Attorney General Helen J. Brunner learned of Cross' bar complaint and contacted the Ninth Circuit's Clerk of the Court to determine whether the complaint was made at the direction of the Court of Appeals. Respondent's Exhibit 6. When Brunner learned that the Court of Appeals had not authorized the complaint, she contacted the Bureau of Prisons ("BOP") to determine whether it had any record of direct contact between Cross and petitioner. The BOP was able to produce evidence of 243 recorded telephone calls taking place between Cross and petitioner from January 14, 2007 to July 30, 2007, as well as evidence that Cross visited petitioner at his prison and made deposits to his inmate trust account. *Id* at 5-6.

The BOP next conducted a search of petitioner's cell and removed various letters, cards, and other written communications from Cross, retaining the documents pending an investigation into the matter. As the investigation was recently completed, the BOP returned the documents at issue to petitioner. *See* Status Report (#10).

## **DISCUSSION**

As an initial matter, petitioner asks the court to strike respondent's Response brief. The Motion to Strike is not well-taken, and is therefore denied.

Petitioner also asks for leave to file a supplemental brief. The Motion to Supplement Petitioner's Consolidated Response is granted. As petitioner included his proposed supplemental brief with his Motion, the court has considered the contents of that document while deciding the merits of this case.

With respect to petitioner's pending Motion for Return of Seized Property, Federal Rule of Criminal Procedure 41(g) provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect the property and its use in later proceedings.

In order to prevail on his Motion, petitioner must establish a violation of his rights arising from the Fourth Amendment's proscription against unreasonable searches and seizures. It is, however, well-established that prisoners do not have a reasonable expectation of privacy in their prison cells, therefore the protections of the Fourth Amendment do not apply in such a context. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984); *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996); *Portillo v. United States D. Court*, 15 F.3d 819, 823 (9th Cir. 1994) (per curiam); *Nakao v. Rushen*, 766 F.2d 410, 412 (9th Cir. 1985). As BOP officials did not seize petitioner's property in violation of the law, he is not

entitled to its immediate return.  In any event, petitioner is now in possession of the documents which were seized, therefore he has already received the relief he sought when filing this action.

## CONCLUSION

Petitioner's Motion to Supplement Petitioner's Consolidated Response (#7) is GRANTED.  However, his Motion for Return of Seized Property (#1) and Motion to Strike (#6) are DENIED.

IT IS SO ORDERED.

DATED this  26th day of October, 2007.

                                /s/Michael W. Mosman
                                Michael W. Mosman
                                United States District Judge